Tony WALKINHAWK, Petitioner—
Appellant,

v.

C.K. PLILER, Warden, Respondent—
Appellee.

No. 05–17114.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2006.*

Decided June 15, 2006.

Eric S. Multhaup, Esq., Mill Valley, CA, for Petitioner—Appellant.

Peggy S. Ruffra, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent—Appellee.

Before: RYMER, T.G. NELSON, and W. FLETCHER, Circuit Judges.

---

1. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**654**

MEMORANDUM **

Tony Walkinhawk appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Walkinhawk argues that his post-arrest statements were admitted in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the California Court of Appeal's determination that Walkinhawk had impliedly waived his *Miranda* rights was not contrary to, or an unreasonable application of, federal law clearly established in *Miranda* and *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). Walkinhawk affirmatively nodded his understanding of his *Miranda* rights, he responded to the officer's questions about what happened after a brief silence, he never indicated that he wanted a lawyer or that he did not want to speak to the officer, and he has a history of prior arrests and experience with law enforcement. *See Butler*, 441 U.S. at 373, 99 S.Ct. 1755 (holding that "the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver" may support a finding of implied waiver). Even if Walkinhawk's initial, ambiguous remark expressed a general desire to go home, it did not indicate that Walkinhawk might be invoking his right to remain silent. In these circumstances, it was not unreasonable for the court of appeal to find an implied waiver. In any event, nothing Walkinhawk said was inculpatory.

Walkinhawk also contends that there was insufficient evidence of violence to support his conviction of felony false imprisonment in violation of California Penal Code §§ 236 and 237(a). The California Court of Appeal's determination that sufficient evidence supported the element of violence was not contrary to, or an unreasonable application of, the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

We have also considered the uncertified issues that were briefed on appeal, and we deny Walkinhawk's request to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

